# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>ROBERT PONCE, JR.,<br><br>  Defendant | Case No.: 2:16-cr-00368-APG-PAL<br><br>**Order Denying Motion for Compassionate Release**<br><br>[ECF Nos. 44, 49, 57] |

Defendant Robert Ponce pleaded guilty to conspiracy to commit mail fraud and wire fraud and was sentenced to 42 months in custody. ECF No. 28. He has served approximately 18 months of that sentence, and his release date is in October, 2024. ECF No. 44 at 2. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because he suffers from morbid obesity, anxiety, and other health issues; he is worried about contracting COVID-19 a second time; and he wishes to donate a kidney to his father. The United States opposes the request.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The United States concedes Ponce has exhausted his administrative remedies. ECF No. 56 at 1.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons." I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also

be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Ponce's obesity places him at a higher risk. The Bureau of Prisons (BoP) is taking steps to treat and prevent the spread of the virus at FCI Safford, and there are no reported cases there at present. *See* Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 1, 2022). And the availability of a COVID-19 vaccine at the prison further undercuts the finding of an extraordinary and compelling reason for compassionate release. *U.S. v. McRae*, 2022 WL 803978 at *2 (10th Cir. Mar. 17, 2022).

If Ponce is released, he will still have the same risk of infection based on his medical condition because the virus has not been eradicated in the non-custodial environment. Releasing Ponce would require him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also would necessitate interaction with Probation officers, to set up and continue monitoring. Release also would expose Ponce to infection from his family members or others he and his family come into contact with through daily activities.

But even if Ponce's condition can be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (court must determine that "the defendant is not a danger to the safety of any other person or to the community"). Ponce has a history of sexual conduct with a minor. He committed multiple schemes to defraud people, and he fled to Mexico to avoid prison. He has

demonstrated an unwillingness to comply with laws and court orders.  He presents too great a risk for early release.

Ponce does not present "extraordinary and compelling" reasons to justify releasing him early.  And he is a danger to the community.  I therefore deny Ponce's motion for early release (**ECF No. 44**).  I also deny as moot his motion for status report (**ECF No. 49**) and his motion for telephonic appearance (**ECF No. 57**).

DATED this 1st day of June, 2022.

                                                                              ANDREW P. GORDON
                                                                              UNITED STATES DISTRICT JUDGE