**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:16-cr-00368-APG-PAL |
| Plaintiff | **Order** |
| v. | [ECF Nos. 68, 69] |
| ROBERT PONCE, JR., | |
| Defendant | |

Robert Ponce owes restitution in connection with his conviction.  He moves for an order declaring that his upcoming workers' compensation settlement is exempt from garnishment and lien enforcement. ECF No. 68.  He separately moves for an adjustment to his restitution payment schedule and to avoid paying interest on the amount due. ECF No. 69.[1]

**Motion for exemption from garnishment**

Ponce argues that his expected workers' compensation settlement is exempt from execution under 26 U.S.C. § 6334(a)(7), which exempts "[a]ny amount payable to an individual as workmen's compensation."  The Government agrees it cannot and will not execute upon that settlement before Ponce receives it. ECF No. 74 at 3-4.  But the Government suggests it will attempt to seize it after Ponce or his counsel receives it. *Id.*  The Government relies on a case from the District of Alabama holding that workers' compensation funds that were deposited into a bank account were not exempt because they were no longer "payable" under the statute but had

---

[1] Both of Ponce's motions and replies are filled with hallucinogenic citations to non-existent cases.  To the extent Ponce has relied on artificial intelligence to write his papers, I caution him that it is his responsibility to check his case citations to ensure they are accurate and say what he claims they do.  The failure to do so may expose him to sanctions under Federal Rule of Civil Procedure 11.

been "paid." *United States v. Coker*, 9 F. Supp. 3d 1300, 1302 (S.D. Ala. 2014) ("The plain meaning of the word 'payable' is an amount 'capable of being paid' or 'suitable to be paid' or 'an obligation to be paid at a future time.' . . . Funds in a bank account are 'no longer capable of being paid.'" (simplified, quoting *Hughes v. IRS*, 62 F. Supp. 2d 796, 800, 801 (E.D.N.Y. 1999))). That court and others holding similarly rely on the statute's plain language. But that interpretation seems to read out of existence the workers' compensation exemption of § 6334(a)(7) because the recipient cannot use the funds until they are paid but then it is subject to immediate execution. Because the parties have not briefed this issue, I do not decide it now.

For purposes of the present motion, the Government's admission that it will not execute on the workers' compensation settlement before Ponce receives it renders the motion moot. If Ponce or the Government wish to litigate whether the funds will be or are subject to execution after they are received, either one may file a new motion on that issue.

**Motion for elimination of interest and reduction of payment schedule**

Ponce also moves for a reduction of his restitution payment schedule and the elimination of accruing interest on the amount due. ECF No. 69. He claims he suffered a catastrophic work injury in March 2024 and has been unable to work since then. *Id.* at 2. He has been receiving Temporary Total Disability payments. Ponce's motion included a Declaration about his monthly expenses and income but did not include proof that the funds he is receiving are workers' compensation. ECF No. 69-2. Thus, the Government could not fully respond to the motion. He attached to his reply additional documentation confirming the funds are from a workers' compensation settlement. ECF No. 77.

I have discretion to waive or limit the interest Ponce is required to pay if he "does not have the ability to pay" it. 18 U.S.C. § 3612(f)(3). *See also United States v. Spencer Tnd Dang*,

492 Fed. App'x 730, 731 (9th Cir. 2012) (waiver of interest on unpaid restitution is discretionary and a district court can waive post-judgment interest if it finds the defendant is unable to pay). As for authority to modify his restitution payment order, Ponce cites to 18 U.S.C. § 3664(k). That statute allows for modification based on a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *See also United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (§ 3664(k) allows courts to adjust restitution amounts and schedules in response to particular changes, in the interests of justice).  The statute requires the Attorney General to "certify to the court that the . . . victims owed restitution by the defendant have been notified of the change in circumstances."  Only then can the court adjust the payment schedule.

The Government seems to acknowledge it received notice of Ponce's changed circumstances as the Government requested he complete a financial disclosure. ECF No. 75 at 2. The Government then requested that Ponce pay 10% of his workers' compensation settlement towards restitution. *Id.*  The Government does not state whether Ponce agreed but it states Ponce has made monthly payments of $216.00 since August 2025. *Id.*  The Government does not state whether it notified victims as required under § 3664(k), and does not offer specific objections to Ponce's request for a reduced payment schedule.

Ponce may qualify for modification of his restitution and interest requirements, but questions remain.  For instance, Ponce contends he will soon undergo surgery.  It is unclear whether this will allow him to resume working and (if so) when.  His current workers' compensation is labeled as "temporary" rather than "permanent," so perhaps he can resume working.  Because he did not attach all of his documentation to his motion, the Government was deprived of the opportunity to respond in full.  And the Government has not provided a sufficient

explanation whether it complied with § 3664(k) and why it objects to Ponce's motion.  Thus, I am unable to resolve the motion at this time.  I order supplemental briefing on this motion.

I THEREFORE ORDER that Ponce's motion to exempt workers' compensation settlement **(ECF No. 68) is denied without prejudice as moot**.

I FURTHER ORDER the parties to confer about Ponce's motion to adjust his restitution payment schedule (ECF No. 69).  If the parties reach an agreement, they can submit a stipulation that complies with Sections 3612(f)(3) and 3664(k).  If not, then the Government must file a supplemental response to the motion addressing my concerns discussed above by March 12, 2026.  Ponce may file a supplemental reply within 10 days of the Government's response.

DATED this 26th day of February, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE